UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CONSTANCE WASHINGTON-THOMAS §<br>Plaintiff, §<br>§<br>v. §<br>§<br>DIAL AMERICA MARKETING, INC., §<br>Defendant. §<br>§ | EP-12-CV-00340-DCG |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff Constance Washington-Thomas's "Response to Defendant's Notice of Removal and Plaintiff's Motion to Remand" (ECF No. 5) [herein after motion to remand], filed in the above-captioned removed action. The case originated in the 327th Judicial District Court of El Paso County, Texas. After considering Plaintiff's state court petition and the attendant filings, the Defendant Dial America Marketing, Inc.'s Notice of Removal (ECF No. 1), and the applicable law, the Court, for the reasons set forth below, **GRANTS** the motion to remand and **REMANDS** the case to state court.

### I. BACKGROUND

On July 18, 2012, Plaintiff, a 60-year-old African-American female, filed her "Original petition and Request for Disclosure" ("petition") in the state court, alleging, *inter alia,* that her former employer, Defendant Dial America Marketing, Inc., discriminated against her on the basis of her disability, age, and apparently, race in violation of the Texas Commission on Human Rights Act (TCHRA), Texas Labor Code §§ 21.051 *et seq.*, and further asserting a state law cause of action for intentional or reckless infliction of emotional distress. As relief she seeks, *inter alia*, actual damages (including past and future pain and suffering, mental anguish, medical

costs, loss of enjoyment of life, inconvenience, and other personal harms), exemplary damages, compensatory damages, back and front pay, and punitive damages. Along with her petition, she filed an affidavit entitled "Binding Stipulation of Constance Washington-Thomas" in order to limit the recoverable damages in this suit to a maximum amount of $74,999.00. Def.'s Notice of Removal, Ex. E, Ex. F, ECF No. 1.

On August 23, 2012, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant removed the case to this Court, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). On September 26, Plaintiff filed the instant motion to remand. Therein, she argues that this Court lacks subject matter jurisdiction, because the amount in controversy in this action is limited by her stipulation. Pl.'s Resp. to Def.'s Notice of Removal & Pl.'s Mot. to Remand [hereinafter Mot. to Remand], ECF No. 5. The parties do not dispute that there is complete diversity of citizenship between them: according to their pleadings, for purposes of diversity, Plaintiff is a Texas citizen and Defendant is a Delaware citizen. However, they dispute whether the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

## II. STANDARD

A defendant may remove a civil action filed in a state court to a federal district court, if the latter court has subject matter jurisdiction of over the action. 28 U.S.C. § 1441(a). Once the case is removed, the district court must however remand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of proving by preponderance of evidence that federal jurisdiction exists. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). The "preponderance of the evidence" standard applies to jurisdictional facts, not jurisdiction itself, which is a legal conclusion. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th

Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–43 (7th Cir. 2006). *See also*

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995). Significantly, the

jurisdictional facts must be judged as of the time of filing of the state court petition. *See White v.*

*FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (*per curiam*).

 Thus, where, as here, the removal is premised upon diversity jurisdiction and the only

disputed issue is whether the amount of controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a),

courts must determine the amount of controversy in light of "the claims in the state court petition

as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal

statute should be strictly construed in favor of remand." *Id.* This is so because, "as 'the effect of

removal is to deprive the state court of an action properly before it, removal raises significant

federalism concerns.'" *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir.

2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir.

1995)). The federal courts "must not trespass upon the judicial 'turf' of the state courts." *B.,*

*Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981).

### III. ANALYSIS

 In her motion to remand, Plaintiff states that she seeks damages in an amount not to

exceed $74,999.00, and further that she has attached a binding stipulation verifying that she is

not seeking more than that amount. Mot. to Remand 4. Consequently, argues Plaintiff, this

Court lacks subject matter jurisdiction over this action. *Id.* at 5. Plaintiff's stated maximum

amount—one dollar shy of the threshold of jurisdictional amount in controversy—clearly

evinces her desire to avoid litigating in the federal court. It is of course axiomatic that a plaintiff

who does not "desire to try h[er] case in federal court . . . may resort to the expedient of suing for

less than the jurisdictional amount, and though [s]he would be justly entitled to more, the

defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294

(1938). Texas law, however, precludes, except in response to a special exception, a plaintiff

from pleading unliquidated damages in a specific amount. Tex. R. Civ. P. 47[1]; *Capitol Brick v.*

*Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). Moreover, even where a specific or

maximum amount of damages is pled in response to a special exception, Texas law permits,

absent a showing of surprise or prejudice, post-verdict amendments to conform the amount of

damages requested to that awarded. *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941

(Tex. 1990); *see also id.* at 942 (Hecht, J., concurring) ("Rule 47 is intended not so much to

commit the pleader to a maximum number. . . ."). Accordingly,[2] to defeat federal jurisdiction, a

Texas plaintiff must be able to show to a "legal certainty" that she "will not be able to recover

more than the damages for which he has prayed in the state court complaint." *De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995). The plaintiff may do so by filing a legally

"binding stipulation or affidavit" with their state court complaint, stating that she affirmatively

---

[1] "An original pleading which sets forth a claim for relief, whether an original petition, counter-claim, cross-claim, or third party claim, shall contain . . . in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court . . . provided, further, that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed." Tex. R. Civ. P. 47.

[2] *See also* 28 U.S.C. § 1446(c)(2) (considering state practice for pleading a specific sum of damages for purposes of evaluating a defendant's assertion of the amount in controversy in notice of removal). 28 U.S.C. § 1446(c), as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011), provides:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that -- (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--(i) nonmonetary relief; or (ii) *a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded*; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2) (emphasis added).

seeks less than the jurisdictional threshold *and* further stating that she will not accept an award

that exceeds that threshold. *Id.* at 1412; *Allen*, 63 F.3d at 1335 n.14. *See also Ditcharo v. United*

*Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (*per curiam*) (unpublished).

Here, on the same day on which Plaintiff filed her original petition, she filed an affidavit

entitled "Binding Stipulation of Constance Washington-Thomas." Def.'s Notice of Removal,

Ex. F, ECF No. 1. Therein, she affirms: "The amount in controversy in this lawsuit is less than

or equal to $74,999.00; I will not ask my attorneys to *seek*, nor will I *ask* a court or jury to award,

damages including attorney's fees in an amount in excess []of $74,999.00." *Id.*, Ex. F, at 1

(emphasis added). Defendant correctly points out that the affidavit is silent on whether Plaintiff

would actually *accept* an award in excess of $74,999.00. *Id.* at 5. Because Texas law does not

preclude a court or jury from awarding an amount greater than what a plaintiff seeks in her

pleadings and other filings, such an affirmation, without more, does not provide sufficient

certainty that Plaintiff would not be able to recover more in state court than the amount she

would seek.

However, the expressed stipulation in Plaintiff's petition is not silent on this point. Under

the section titled "VIII. Binding Stipulation," the petition cites to the affidavit and contains the

following statement: "Plaintiff asserts the amount in controversy in this lawsuit is less than or

equal to $74,999.00; and Plaintiff does not and will not seek or *accept* damages, including

attorney's fees, in excess of $74,999.00, exclusive of interests and costs, in this case." Def.'s

Notice of Removal, Ex. E ("Pl.'s Original Pet. & Req. for Disclosure"), at 7 (citing Plaintiff's

affidavit) (emphasis added). Such stipulations are sufficiently binding on the plaintiff to

preclude removal, because "Texas law holds that stipulations include admissions or concessions

made in a judicial proceeding by a party or attorney, and that stipulations constitute a binding

-5-

contract between the parties and the court." *Wright v. Normandy Terrace Healthcare & Rehab. Cntr.*, SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) (Rodriquez, J.) (citing Texas court cases) (holding the plaintiff's express stipulation in the complaint that the maximum amount of damages sought or that will be accepted "shall not exceed Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest" is sufficiently binding under Texas law to preclude removal). *See also, e.g., Walker v. City of Georgetown*, 86 S.W.3d 249, 254 (Tex. App.—Austin 2002, pet. denied) (holding that the plaintiffs' unequivocal statement in their complaint that they "'do not seek recovery of damages or attorneys [sic] fees from [a particular defendant] individually'" is a judicial admission and as such binding on the plaintiffs (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001))).

Moreover, the fact that the petition was not signed and sworn to by Plaintiff does not detract from the binding effect of stipulation, *Wright*, 2012 WL 2979040, at *2 (rejecting the removing defendant's argument that the stipulation in the petition was not signed and notarized), because her attorney, who signed the petition, made the representation on her behalf, *see, e.g., Goldman v. White Rose Distrib. Co.*, 936 S.W.2d 393, 398 (Tex. App.—Fort Worth 1996) (holding counsel's statement on the client's legal position made at trial binding on the client), *vacated pursuant to settlement*, 949 S.W.2d 707 (Tex. 1997). *See also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) ("Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent. . . ." (internal quotation marks and citation omitted)). Accordingly, the Court is of the view that although a better approach would have been for Plaintiff to include a statement in her affidavit stating that she would not accept an award in excess of $74,999.00,[3] the stipulation in her complaint together with the affidavit

---

[3] To the extent that Plaintiff's complaint includes an express that Plaintiff will not *accept* an award in excess of $74,999.00, the omission of such language in her affidavit appears to be an oversight.

provides sufficient certainty that Plaintiff will not be able to recover in the state court damages including attorney's fees in an amount greater than the stipulated amount.

Defendant counters that Plaintiff's complaint is riddled with inconsistencies and contradictions. Notice of Removal 4; Def.'s Resp. to Pl.'s Mot. to Remand 4. Relying on *Tovar v. Target Corp.*, No. SA-04-CA-0557-XR, 2004 WL 2283536 (W.D. Tex. Oct. 7, 2004) (Rodriquez, J.), Defendant contends that such inconsistencies render Plaintiff's stipulation ambiguous and therefore inadequate for purposes of avoiding jurisdiction. Notice of Removal 4; Def.'s Resp. to Pl.'s Mot. to Remand 4. In *Tovar*, the plaintiff attempted to limit the maximum amount of recovery to $74,000 by repeating throughout his petition language to that effect. *Id.* 2004 WL 2283536, at \*1–\*2. However, several instances of the limiting language contradicted one another to the extent that sometimes the stated maximum amount excluded certain fees and damages, such as punitive damages and attorney's fees, but other times it did not. *Id.* In light of such contradictions, the court found that the plaintiff failed to properly limit his maximum amount recoverable to $74,000. *Id.*, 2004 WL 2283536, at \*4. The court went on to deny his motion to remand. *Id.*

In the instant case, Plaintiff mentions the limiting language no fewer than eight times under various numbered sections throughout her petition, including the sections "Damages," "Punitive Damages," "Attorney's Fees," "Binding Stipulation," and "Prayer." With one exception, each time the language appears in a single sentence stating nearly verbatim that Plaintiff does not seek or will not accept damages, including attorney's fees, in excess of $74,999.00, exclusive of interest and costs. Def.'s Notice of Removal, Ex. E (Pl.'s Original Pet. & Req. for Disclosure), at 2, 5–8. The single exception, which does not include a reference to

attorney's fees in the same sentence along with the maximum amount, appears under the section

entitled "Request for Relief," which lists the following relief:

    a. *All reasonable damages, not to exceed $74,999.00, exclusive of costs and interests*;
    b. Exemplary damages;
    c. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;
    d. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;
    e. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation(s) of Texas Labor Code Section 21.000, *et seq.*;
    f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;
    g. *Costs of suit, including attorney's fees*; and
    h. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Def.'s Notice of Removal, Ex. E (Pl.'s Original Pet. & Req. for Disclosure), at 7 (emphasis

added).

      From this, Defendant contends, "[i]t is difficult to determine what types of monetary

damages are included in the attempted limitation, whether 'costs' includes or excludes attorney's

fees, and whether Plaintiff will actually accept a monetary award in excess of the jurisdictional

threshold." Def.'s Notice of Removal 5. The Court notes that the very first item on the list—

which states "all" reasonable damages—makes clear that Plaintiff seeks a maximum of

$74,999.00 from *all* forms of monetary relief that may be granted in this suit, as exemplified by

the other items on the list such as front and back pay. It also states that the maximum amount

does not include costs and interests. Plaintiff's attempt to separately recite "[c]osts of suit,

including attorney's fees" leads to the inference that the list is a boilerplate recitation of various

categories of relief available under the TCHRA. *See* Tex. Lab. Code §§ 21.259, .260, .2185.

That inference is indicated by the fact that, like Plaintiff's recitation of "costs," the TCHRA considers "attorney's fee as a part of the costs." *Id.* § 21.259. In any event, to the extent that there is any confusion, the petition's seven consistent, unequivocal references elsewhere stating that the maximum amount of damages includes attorney's fees clears up such confusion. Accordingly, this case is distinguishable from *Tovar*.

Finally, Defendant points out that even if Plaintiff successfully limited her monetary recovery to $74,999.00, her request for relief did not in any way limit her request for the injunctive relief of reinstatement. Def.'s Notice of Removal 5–6. Defendant goes on to argue that Plaintiff's request for relief does not limit how long Plaintiff will continue working after reinstatement, or place a cap on the amount of money Plaintiff may earn after reinstatement. *Id.* at 6. Given that Plaintiff's maximum amount of monetary limitation is only one dollar shy of the jurisdictional threshold, continues Defendant, even if Plaintiff worked for one hour after being reinstated, she would still earn enough to place the amount in controversy over the jurisdictional threshold. In cases seeking injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). State another way, "the amount in controversy, in an action for . . . injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

The Court need not speculate on the value of reinstatement, because from the face of the petition it appears that the true object of this litigation is monetary relief. The "Request for Relief" section of the petition lists both reinstatement and front pay, which "compensate[s] the plaintiff for future lost wages and benefits"; traditionally, these two remedies are "viewed as

alternative, rather than cumulative."[4] *Tex. Comm'n on Human Rights v. Morrison*, 346 S.W.3d

838, 852 (Tex. App.—Austin 2011), *rev'd on other grounds*, 2012 WL 3800884 (Tex. 2012).

The "Prayer" section of the petition however casts doubt as to whether Plaintiff indeed seeks

reinstatement at all or seeks front pay in lieu of reinstatement, as that section makes no mention

of reinstatement or any injunctive relief, whatsoever:

> WHEREFORE, PREMISES CONSIDERED Plaintiff prays the Defendant
> be cited to appear and answer and that upon final hearing he [sic] obtain
> judgment providing him [sic] with all compensatory damages sought
> herein including attorney fees not to exceed $74,999.00, and Plaintiff will
> not seek, ask for, or accept an amount of damages in excess of $74,999.00,
> exclusive of interest and costs.

Def.'s Notice of Removal, Ex. E (Pl.'s Original Pet. & Req. for Disclosure"), at 8.  The

consideration of the petition as a whole therefore suggests that Plaintiff seeks front pay in lieu of

reinstatement. *See Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 220–21 (Tex. App.—Corpus

Christi 2002, no pet.) (holding that the plaintiff's suit is for money damages, not for injunctive

relief, in part because "while in early portions of the petition [the plaintiff] claims he is seeking a

prospective injunction . . ., as well as reinstatement . . ., [the plaintiff] does not request the court

to issue a permanent injunction reinstating him in his prior position. . . . Instead, [the plaintiff]

asks that upon final trial he receive judgment for the value of the loss of the position . . . and

back and front pay, among other money damages. . . ."). Accordingly, the Court, mindful that on

a motion to remand "[a]ny ambiguities are construed against removal," *Manguno*, 276 F.3d 720,

723 (citation omitted), reads Plaintiff's petition as seeking front pay in lieu of reinstatement. As

---

[4] While "[r]einstatement is generally preferable to an award of front pay," *West Telemarketing Corp. Outbound v. McClure*, 225 S.W.3d 658, 668 (Tex. App.—El Paso 2006, no pet.), under the TCHRA, "a court may award front pay in lieu of reinstatement especially when reinstatement is not a feasible option," *Wal-Mart Stores, Inc. v. Davis*, 979 S.W.2d 30, 45 (Tex. App.—Austin 1998, pet. denied).

mentioned above, however, front pay, a monetary relief, is included in the maximum amount of damages stipulated by Plaintiff.

Accordingly, the Court concludes that Plaintiff's stipulation is sufficiently clear and binding to limit the amount in controversy to $74,999.00.  Consequently, the Court lacks subject matter jurisdiction over this removed case, and the case therefore must be remanded. *See* 28 U.S.C. § 1447(c).

### IV. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Plaintiff's Constance Washington-Thomas's "Motion to Remand" (ECF No. 5) is **GRANTED** and the above-captioned cause is **REMANDED** to the 327th Judicial District Court of El Paso County, Texas.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.

**So ORDERED and SIGNED this 23rd day of October, 2012.**

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE